ORIGINAL

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 27 2022

BY DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **FILED UNDER SEAL** |
| v. | § § | Case Number 4:19CR43 |
| | § | Judge Jordan |
| MARCO ANTONIO GUERRA GALINDO | § | |
| alias Granjero | § | |

**PLEA AGREEMENT**

The Defendant, Marco Antonio Guerra Galindo, the Defendant's attorney, Rene A. Sotorrio, and the United States Attorney for the Eastern District of Texas agree to the following.

1. **RIGHTS OF THE DEFENDANT:** The Defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; &

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY:** The Defendant waives these rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 21 U.S.C. § 963 (conspiracy to manufacture and distribute a mixture or substance containing a detectable amount of cocaine, intending, knowing, and having reasonable cause to believe that the substance would be unlawfully imported into the United States). The Defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the Factual Basis in support of guilty plea that the Defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The minimum and maximum penalties the Court can impose include:

   a. IMPRISONMENT: not less than 10 years nor more than life.

   b. FINE: not to exceed $10,000,000.

   c. SUPERVISED RELEASE: not less than 5 years, which may be mandatory under the law, will follow any term of imprisonment, and imprisonment for the entire term of supervised release may result from a violation of a defendant's conditions of supervised release.

   d. MANDATORY SPECIAL ASSESSMENT: $100 per count, which must be paid by cashier's check or money order to the United States District Clerk before sentencing.

   e. Forfeiture of property involved in or traceable to the criminal offense.

   f. Restitution to victims or to the community.

   g. Costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The Defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The Defendant will *not* be allowed to withdraw the plea entered pursuant to this Agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.  **Guideline Stipulations:** The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

    a.  The base offense level under U.S.S.G. § 2D1.1(c) is **38** because the offense involved at least 450 kilograms of a mixture or substance containing a detectable amount of cocaine, which amount was involved in the conspiracy after the Defendant entered the conspiracy, was reasonably foreseeable to the Defendant, and was part of jointly undertaken activity. 

    b.  A 2-level decrease applies under U.S.S.G. § 2D1.1(b)(18) because the Defendant meets the criteria set forth in § 5C1.2(a)(1)-(5). **-2**

    c.  Neither party shall seek a role adjustment under U.S.S.G. § 3B1.1 (aggravating role) or § 3B1.2 (mitigating role).

    d.  Acceptance of responsibility credit of **up to 3** levels may apply as follows:

        i.  A two-level decrease (**-2**) under U.S.S.G. § 3E1.1(a) *IF* recommended by the U.S. Probation Office, and subject to Defendant's compliance with ¶6 below. This stipulation is void if facts indicating Defendant has not accepted responsibility become known after execution of this Agreement, including illegal drug use and the failure to terminate or withdraw from criminal conduct while in custody or on release. 

        ii. An additional one-level decrease (**-1**) under U.S.S.G. § 3E1.1(b), subject to the same conditions set forth in the preceding subparagraph. This reduction is also contingent on Defendant assisting authorities in the investigation or prosecution of Defendant's misconduct and cooperating fully in recovering restitution for all relevant conduct, which must occur particularly early in the case. **-1**

    e.  If the Court adopts a sentencing guideline range in keeping with the parties' above stipulations, the United States agrees not to oppose a sentence at the low end of that guideline range. This stipulation is void if the Court grants a variance or other downward departure.

    f.  There are no further agreements with regard to any U.S.S.G. adjustments and the parties understand that the Court is not bound by these stipulations. Other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range, and nothing in this Agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

6. **ACCEPTANCE OF RESPONSIBILITY:** The Defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction, the Defendant may be entitled to a reduction in his offense level under U.S.S.G. § 3E1.1 of the Sentencing Guidelines. The Defendant shall not violate any other state or federal law or take any action that would obstruct the Government's investigation into the offense of conviction or other criminal activities. Upon request, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his ability to satisfy any applicable fines or restitution.

7. **RESTITUTION:** The Defendant understands that the Court may order restitution. The Defendant agrees that this may include restitution for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the Defendant in the statement of facts in support of guilty plea. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

8. **FORFEITURE:** The Defendant agrees to forfeit to the United States voluntarily and immediately his entire right, title, and interest to the following property, which is subject to forfeiture pursuant to 21 U.S.C. §§ 853 and 970:

   a. Cash Proceeds: $150,000 in United States currency and all interest and proceeds traceable thereto. The Defendant acknowledges that such sum in aggregate is property constituting or derived from proceeds obtained directly or indirectly as the result of the offense described in this Plea Agreement, and is the value of property used or intended to be used to commit or to facilitate the commission of such violation.

   b. Substitute Assets: If any of the factors set out in 21 U.S.C. § 853(p)(1) apply, the United States shall be entitled to obtain the Defendant's right, title, and

interest to any substitute property up to the value of the above-described forfeitable property.

The Defendant agrees that the above-described property is subject to forfeiture pursuant to the aforementioned statutes. The Defendant agrees to fully assist the United States in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the Defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to the listed property in any administrative or judicial proceeding that may be initiated. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The Defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to the forfeiture. The Defendant waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment. The Defendant and his attorney also understand that the United States may file motions for preliminary and final orders of forfeiture and related filings regarding the property described

herein, and they agree that the United States may file such motions and filings unopposed and may state in any required certificates of conference that the Defendant has no objection to the relief sought without having to further contact the Defendant or his attorney.

9. **GOVERNMENT'S AGREEMENT:** The U.S. Attorney for the Eastern District of Texas agrees not to prosecute the Defendant for any additional non-tax related criminal charges based upon the conduct underlying the Defendant's plea of guilty in this case. After sentencing, the Government will dismiss any such charges previously filed against the Defendant in this case.

10. **VIOLATION OF AGREEMENT:** The Defendant understands that upon violation of any provision of this Agreement or of any Court order or rule, or if the guilty plea pursuant to this Agreement is vacated or withdrawn, the Government will be free from its obligations under this Agreement and may prosecute the Defendant for all offenses of which it has knowledge. In such event, the Defendant waives any objections based upon delay in prosecution. The Defendant further agrees that if the guilty plea pursuant to this Agreement is withdrawn for any reason, the Government will be free from its obligations under any agreement entered into pursuant to Federal Rule of Evidence 410, and that the Defendant's Factual Basis in support of guilty plea will be admissible as evidence in all judicial proceedings.

11. **VOLUNTARY PLEA:** This guilty plea is made freely and voluntarily and is not the result of force or threats, nor any promises beyond the terms set forth in this Agreement.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the Defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The Defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding

under 28 U.S.C. § 2255. The Defendant reserves the right to appeal any punishment imposed in excess of the statutory maximum. The Defendant also reserves any applicable right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

13. **WAIVER OF RIGHT TO RECORDS:** The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. **IMMIGRATION STATUS CONSEQUENCES:** The Defendant recognizes that pleading guilty to a crime may affect the immigration status of people who are not citizens of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a violation of 21 U.S.C. § 963, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney and the Court, can predict with certainty the effect this conviction will have on the Defendant's immigration status in the United States. The Defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is his automatic removal from the United States following service of his sentence.

15. **REPRESENTATION OF COUNSEL:** The Defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The Defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Plea Agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with

counsel, the Defendant concedes guilt and has concluded that it is in his best interest to enter this Agreement rather than proceeding to trial.

16. **LIMITATIONS ON THIS AGREEMENT:** This Agreement is binding only on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this Agreement shall be construed to release the Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

17. **ENTIRETY OF AGREEMENT:** <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "Agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The Defendant, the Defendant's attorney, and the Government acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes any other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises, representations, understandings, or agreements have been made or implied.

*(signature page follows)*

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

By:

Dated: _____

*for* Stevan A. Buys
Assistant United States Attorney

I have read this Plea Agreement and/or had it read to me in Spanish, carefully reviewed every part of it with my attorney, fully understand it, and voluntarily agree to it.

Dated: 4/11/22

Marco Antonio Guerra Galindo
Defendant

I am counsel for the Defendant. I have carefully reviewed every part of this Plea Agreement with the Defendant and ensured that it was translated into Spanish for his benefit. To my knowledge and belief, my client's decision to enter into this Plea Agreement is informed and voluntary.

Dated: 4/12/22

Rene A. Sotorrio
Attorney for Defendant